IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CV 113-211 |
| $8,896.00 in U.S. CURRENCY, | * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court is the Government's Motion for Default Judgment. (Doc. 8.) For the following reasons, this motion is **GRANTED**.

## I. BACKGROUND

On November 22, 2013, the Government filed a Verified Complaint for forfeiture in rem against $8,896.00 in U.S. Currency ("the Defendant Currency"). (Doc. 1, Compl.) The Complaint alleges that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money furnished or intended to be furnished in exchange for a controlled substance, (2) proceeds traceable to such an exchange, and/or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act. (Id. ¶ 2.)

On November 29, 2013, the Government served Sheron Jenkins, James Ferguson, David Pickney, Jr., and Travis Jermaine Ferguson with the Verified Complaint for Forfeiture In Rem and a warrant for

arrest.[1]  (Doc. 3.)  Additionally, the Government published the notice of forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days beginning on December 13, 2013.  (Doc. 4.)  To date, no person has filed an answer to the Complaint or a claim to the Defendant Currency in this action.

On February 20, 2015, the Government moved the Clerk of the Court to enter default and supported its motion with an affidavit.  (Doc. 6, Ex. 1.)  On February 25, 2015, the Clerk entered default.  (Doc. 7.)  The Government now moves the Court to enter a default judgment and final order of forfeiture against the Defendant Currency and any potential claimants.  (Doc. 8.)  The Government sent notice to Sheron Jenkins, James Ferguson, David Pickney, Jr., and Travis Jermaine Ferguson of the pending motion for default judgment.  (Doc. 9.)

## II. DISCUSSION

"Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment." U.S. v. $11,000.00 in U.S. Funds, No. 5:08-CV-102, 2009 WL 198013, at *2 (M.D. Ga. Jan. 27, 2009) (citing FED. R. CIV. P. 55).  "An entry of default and subsequent entry of default judgment are appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has

---

[1] The notice sent to David Pickney, Jr. and Travis Jermaine Ferguson was returned unopened.  (Doc. 8 at 2.)  A second notice was sent to David Pickney, Jr. and Travis Jermaine Ferguson.  (Doc. 5.)  Mr. Pickney's notice was again returned unopened.  (Doc. 8 at 2.)  Mr. Ferguson accepted service.  (Id.)

2

failed to plead or otherwise defend.'" Id. (quoting Fed. R. Civ. P. 55(a)) (alteration in original).

Where — as here — the Government brings a civil forfeiture action in rem which arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. See Fed. R. Civ. P., Supp. R. G(1) ("This Rule governs a forfeiture action in rem arising from a federal statute."); see also, e.g., $11,000.00 in U.S. Funds, 2009 WL 198013, at *2.

Based upon the facts currently before the Court, the Government appears to have fully complied with Supplemental Rule G. First, the Complaint was proper under Supplemental Rule G(2) because it was (a) verified, (b) stated the grounds for subject-matter jurisdiction[2] and venue, (c) described the property with reasonable particularity, (d) stated the location of the property when it was seized and when the action was filed, (e) identified the federal statute under which the forfeiture action was brought, and (f) stated sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial.[3] (See Compl.)

---

[2] The grounds for subject matter jurisdiction are 28 U.S.C. § 1345 (providing that district courts shall have original jurisdiction of all civil proceedings commenced by the United States) and 28 U.S.C. § 1355(a-b) (providing that district courts shall have original jurisdiction of forfeiture proceedings arising under federal law and that the forfeiture proceeding may be brought in the district where any of the acts or omissions giving rise to the forfeiture occurred). Here, the Defendant Currency was seized in McDuffie County, Georgia, which is within the Southern District of Georgia. (Compl. ¶ 3.)

[3] The factual allegations in the Verified Complaint, now admitted by default, are sufficient to establish that the Defendant Currency is subject

3

Second, the Government complied with Supplemental Rule G(4)'s notice requirements. The Government sent a notice of forfeiture and a copy of the Verified Complaint to potential claimants Travis Ferguson, Sheron Jenkins, James Ferguson, and David Pickney, Jr. See FED. R. CIV. P., SUPP. R. G(4)(b)(i),(iii) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant" and "notice must be sent by means reasonably calculated to reach the potential

---

to forfeiture. Specifically, Deputy Bruce Knight conducted a traffic stop of a vehicle driven by Travis Jermaine Ferguson on June 4, 2013. (Compl. ¶¶ 6-7.) Prior to the stop, based on the "erratic behavior" of the driver, Deputy Knight called for reinforcement officers. (Id. ¶ 6.) During the stop, Deputy Jared Land "found four males and an overwhelming smell of marijuana coming from the interior of the [v]ehicle." (Id. ¶ 7.) Travis Ferguson was found to have $3,000.00 on his person; David Pickney, Jr. had $12,560.00 and a bag of marijuana; James Ferguson had $3,000.00 on his person; and Sheron Jenkins had $8,896.00 on his person. (Id. ¶¶ 11-13.) A search of the vehicle additionally revealed "several broken rubber bands in the back seat and marijuana residue in the front and rear floorboards. (Id. ¶ 14.) Deputy Knight then explained to the four men that "due to their criminal histories, packaging of the currency, and the presence of narcotics, the currency was going to be seized." (Id. ¶ 15.) After the money was taken back to the McDuffie County Sheriff's Office, a K-9 performed a "four bag sniff test" on the currency and gave a positive alert each time. (Id. ¶ 16.)
    The Court finds that these admitted factual allegations are sufficient to establish that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides that money furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, is subject to forfeiture to the United States. See United States v. Approximately $7,000 in U.S. Currency, et al., No. 1:13-cv-01629, 2014 WL 1665093, at *2-4 (E.D. Cal. Apr. 24, 2014), adopted by 2014 WL 2208087, at *1 (E.D. Cal. May 28, 2014) (granting the Government's motion for default judgment and finding that the currency was subject to forfeiture under 21 U.S.C. § 881(a)(6) where admitted factual allegations in the complaint showed that following the traffic stop a drug canine alerted to the currency during a controlled test); U.S. v. $23,000 in U.S. Currency, No. 1:11-CV-076, 2012 WL 1605552, at *1 (W.D.N.C. May 8, 2012) (granting government's motion for default judgment where admitted factual allegations in the complaint showed that a drug canine alerted on a vehicle and court determined that money located in a plastic grocery bag in the vehicle was subject to forfeiture under 21 U.S.C. § 881(a)(6)); United States v. Approximately $141,932.00 in U.S. Currency, No. 1:04-cv-6743, 2008 WL 190878, at *7 (E.D. Cal. Jan. 18, 2008), adopted by 2008 WL 345864 (E.D. Cal. Feb. 4, 2008) (granting the Government default judgment and finding that the currency was subject to forfeiture under 21 U.S.C. § 881(a)(6) where factual allegations in the complaint showed that the officer making the traffic stop "detected a strong odor of marijuana coming from [the claimant and vehicle], and a narcotics detection canine subsequently alerted" to areas where the marijuana was found).

4

claimant."). The Government also published the notice of forfeiture on its official website for thirty consecutive days, which satisfied the publication requirement under Rule G(4)(a)(i) and (iv)(C).

Supplemental Rule G(5) provides that a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending" within thirty-five days from the date direct notice is sent or, if direct notice was not sent to the claimant, within sixty days after the first date of publication on the Government's official website. See FED. R. CIV. P., SUPP. R. G(5)(a)(i),(ii). Once a claimant has filed a claim to the seized property, the claimant must also serve and file an answer to the forfeiture complaint within twenty-one days after filing the claim. See FED. R. CIV. P., SUPP. R. G(5)(b).

Here, neither a claim nor an answer has been filed, and the time for filing has expired. This failure to plead or otherwise defend the action warrants the entry of a default judgment against all potential claimants to the Defendant Currency pursuant to Federal Rule of Civil Procedure 55.

### III. CONCLUSION

For the reasons stated above, the Government's Motion for Default Judgment and Motion for Final Order of Forfeiture and Distribution (doc. 8) are hereby **GRANTED**. All rights, title, and interest in the Defendant Currency is hereby forfeited to and vested in the United States, which shall have clear title to this

property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

6